UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE PHILLIP PERRY,

Plaintiff,

v.

MICHIGAN, STATE OF et al.,

Defendants.

Case No. 1:26-cv-2382

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by an individual who is presently confined at Michigan's Center for Forensic Psychiatry. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.[1]

[1] Because this screening opinion dismisses Plaintiff's complaint in its entirety, Defendant City of Niles' motion to dismiss (ECF No. 4) is moot.

## Discussion

### I. Factual Allegations

Plaintiff is presently confined at Michigan's Center for Forensic Psychiatry. He sues the State of Michigan, the United States of America, Berrien County and its "Government Mayor," and the City of Niles and its "Government Mayor." (Compl., ECF No. 1, PageID.1–2.)

In his complaint, Plaintiff seeks monetary relief and "release[] from illegal custody" based upon the following itemized conditions and allegations:

> (1) False imprisonment-complaint and warrant provided unsigned by a registered judicial officer in the State of Michigan[;]
>
> (2) Malicious prosecution resulted in a dismissal by Michigan Court of Appeals in Case No. 2023016049 . . . [;]
>
> (3) Acting under color of law[;]
>
> (4) Cruel and unusual punishment, mental anguish, unlawful imprisonment, constant impairing with use of hospitals[;]
>
> (5) Deprived of all U.S. Const. all rights[;]
>
> (6) Denied [e]ffective assistance of counsel[;]
>
> (7) Failure to provide a state environment while detained in Berrien County Jail[;]
>
> (8) Has forced Plaintiff to live in segregation 22 hour lock down while being forced in a[n] unlawful imprisonment[;]
>
> (9) Violating the Plaintiff's rights retrying the case . . . [;]
>
> (10) Violated the Speedy Trial U.S. Const. Right . . . [;]
>
> (11) Claiming to have 0% privacy due to a medical malpractice in 2014 at SW hospital in Missouri[;]
>
> (12) Claiming to make invocation of his U.S. citizen sovereign immunity[;]
>
> (13) The above Defendants . . . [have] committed the above claims and to notify the United States of America[;]
>
> (14) Claiming to be in a[n] active [illegible] due to case no cyber crime . . .

(Compl., ECF No. 1, PageID.3–4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Request for Release from Custody

In his pleading, Plaintiff seeks both money damages and release from custody. (Compl., ECF No. 1, PageID.5.) Therefore, it is unclear whether Plaintiff seeks to bring a civil complaint for damages, a petition for writ of habeas corpus, or a hybrid action. Given that Plaintiff has identified his pleading as a "Complaint" (Compl., ECF No. 1, PageID.1), the Court has construed Plaintiff's pleading as primarily a civil rights complaint for damages pursuant to 42 U.S.C. § 1983.

A request for release from custody constitutes a challenge to the fact or duration of confinement, which should be brought as a petition for habeas corpus; it is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Thus, Plaintiff's request is not properly asserted in his civil rights complaint. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (concluding that dismissal is appropriate where Section 1983 action seeks equitable relief and challenges fact or duration of confinement).

Moreover, courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit").

Accordingly, the Court will dismiss Plaintiff's request for release from custody without prejudice for failure to state a claim upon which relief can be granted.

**B. Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff lists several actions and allegations, but Plaintiff does not attribute any actions to any individual Defendants. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring

allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Plaintiff does not set forth any factual allegations to describe what Defendants personally did to violate Plaintiff's constitutional rights. While Plaintiff states that Defendants generally violated "all" of Plaintiff's constitutional rights, that is plainly insufficient to implicate any named Defendant in any individual claim or action. "Summary reference to a single, five-headed 'Defendants' [or officers or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Thus, Plaintiff's claims fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Additionally, and in the alternative, the United States, as sovereign, is immune from suit unless it explicitly consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941); *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). Thus, a plaintiff cannot sue the United States, its agencies, or its employees unless he "identif[ies] a waiver of sovereign immunity." *Jackson*, 485 F.3d at 838. The plaintiff has not demonstrated a waived of sovereign immunity in connection with the constitutional claims he asserts, and the United States has not "rendered itself liable" for constitutional torts. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994); *see also Sykes v. United States*, 507 F. App'x 455, 462 (6th Cir. 2012).

Likewise, Plaintiff names the State of Michigan as a Defendant. (Compl., ECF No. 1, PageID.1.) Section 1983, however, expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Courts have long held that the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

The City, the County, and their Mayors cannot be held vicariously liable for the actions of their employees under Section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, a municipality is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508. Plaintiff's complaint is devoid of any allegation suggesting that his alleged constitutional injuries were the result of any official policies or customs employed by the City or County. Therefore, for this reason as well, Plaintiff's complaint is subject to dismissal for failure to state a claim. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of Section 1983 action when the plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

Finally, while Plaintiff's complaint is scant on facts and the bases for Plaintiff's claims are largely unclear, Plaintiff appears to take issue with the proceedings in pending criminal cases, seeking recourse for what he describes as "illegal custody." (Compl., ECF No. 1, PageID.5.) Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit has explained the bar that *Heck* places on § 1983 suits brought by prisoners as follows:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original). Therefore, a plaintiff cannot bring a § 1983 claim that necessarily implies the invalidity of his confinement, no matter how styled, unless he has successfully challenged his criminal convictions through the appropriate remedies. *Id.*

Here, it appears that at least some of Plaintiff's requests for relief necessarily depend upon his assertion that the constitutional violations invalidate his criminal charges or convictions. As

Plaintiff has not alleged that his charges or convictions have been overturned or invalidated, Plaintiff's claims are barred by *Heck*.[2]

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: October 29, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[2] A court's dismissal of a claim on the basis that it is barred by *Heck* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Kitchen v. Whitmer*, 104 F.4th 525, 534 n.4 (6th Cir. 2024) (a claim barred by *Heck* is properly dismissed for failure to state a claim).